Fred Tannous
Fred.Tannous@TannousLaw.com
Demetrios Kafkas (kaf0121)
Kafkaslink@yahoo.com
Tannous Law Group, LLC AND
Kafkas Law Offices
27 School Street, Suite 301
Boston, MA  02108
Telephone:  617-227-1200
Facsimile:   617-227-0027

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| NISSAY LIEK, Individually and as Successor in Interest of the Estate of NATHAN V. NISSAY, Decedent,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY<br><br>Defendant | Case No _____<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH<br><br>(1) NEGLIGENCE (FTCA) |

COMES NOW, Nissay Liek, individually and as successor-in-interest to the Estate of Nathan V. Nissay, deceased, for causes of action against the defendant, and herein alleges, based on information and belief:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.

Section 1346(b), 2671 *et seq.*, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Boston District pursuant to 28 U.S.C. Section 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. Section 1391 (e)(1), because the United States is a defendant and Plaintiff resides and Decedent resided in The District of Boston.

**NATURE OF ACTION**

3. This is a wrongful death and personal injury action arising out of the injury to and death of Nathan V. Nissay, on or about December 30, 2013, Saratoga Springs, NY. On December 30, 2013, Nathan V. Nissay was pronounced dead with a coroner report listing cause of death as suicide. Nathan V. Nissay left behind a video, two journals and text messages which are filled with references to depression and contemplation of suicide and that he had sought help from his fellow federal employees at least three months prior to this catalytic termination of his life. These colleagues, peers, section leaders while within the scope of their employment were negligent, resulting in acts or omissions which were the proximate cause of injury and death of Nathan V. Nissay.

**PARTIES**

4. Plaintiff Nissay Liek is a competent adult and the surviving father of Nathan V, Nissay, deceased. Mr. Nathan V. Nissay is also survived by his mother, who has claims or potential claims as beneficiary, survivor, and heir of decedent. Plaintiff Nissay Liek is a resident of 79 Thissell Avenue, Dracut, MA 01826. Plaintiff Nissay Liek brings this action individually and as successor-in-interest to Nathan V. Nissay.

5. At all relevant times, the defendant, the United States of America, acted through its

Agency, the United States Department of the Navy, 9620 Maryland Avenue, Norfolk, VA 23511-2949.

6. The defendant and their employees are federal in nature and each of them are the agents, servants, employees, assignees, permissive user, successor in interest or joint venture of each other and all acting on behalf of the United States of America Department of the Navy. During this time the peers, section leaders were acting within the time, purpose, course and scope of such agency or permission; and all acts or omissions alleged herein are attributable to the United States Department of the Navy as being authorized, adopted, approved, or ratified by each of the employees and the Department of the Navy.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

7. This case is brought against the United States of America pursuant to 28 U.S.C. Section 2671 *et seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United states is predicated specifically on 28 U.S.C. Section 1346(b)(1) and 2674 because the personal injuries, wrongful death and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United states of America through its agency, the United States Department of the Navy. These employees were acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of New York the locus of the death of the decedent or the laws of the Commonwealth of Massachusetts the locus of the permanent residence of the decedent.

8. Pursuant to 28 U.S.C. Section 2675, this claim was presented to the appropriate

agency of Defendant, the United States of America, namely the United States Department of the Navy, Office of the Judge Advocate General, Tort Claims Unit Norfolk, 9620 Maryland Avenue, Suite 205, Norfolk, VA 23511-2949 on May 29, 2014, for the claims of Plaintiff Nissay Liek as personal representative of the Estate of Nathan V. Nissay. A copy of the Demand and package attachments are marked as Exhibit 1. Said Defendant responded on October 1, 2015 in writing denying the claims. See a copy of the Response attached hereto and marked as Exhibit 2.

### CAUSE OF ACTION-NEGLIGENCE

9. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

10. Defendant, the United States of America, was negligent in its conduct leading to and during the events that led to the death of Nathan V, Nissay by failing to follow mandatory procedures to ensure the safety of Nathan V. Nissay. In fact, the said Defendant was grossly negligent and enhanced the risk of injury and death as set forth below.

11. The United States, failed its mandatory duty to ensure that its employees would act and protect a fellow employee such as Nathan v. Nissay who became mentally impaired for a period of at least three months and spoke of, texted and transcribed his intent to cause bodily harm to himself to his peers and section leaders.

12. The United States failed to adhere to any safety mechanisms in place for its personnel who were being trained in in the Naval Nuclear Power Training Unit, Ballston Spa, near Saratoga Springs, New York. Nathan V. Nissay was on temporary duty assignment, training and attending classes at the Ballston Spa, Naval Nuclear Power Training Unit.

13. The United States ignored and failed to prevent Nathan V. Nissay from planning, expressing and implementing his suicide.

14. The United States was on notice through its agency of Nathan V. Nissay planning to execute himself and if any proper mechanism existed it was not implemented to impede or prevent Nathan V Nissay from committing suicide.

15. No emergency procedures were executed prior to Nathan V. Nissays' death by the United States through its agency.

16. Nathan v. Nissays' death was "not the cause of a service connected injury" therefore the Torts Claims Act applies to account for claims not incidental to service.

17. Nathan V. Nissay through various text messages reported suicidal tendencies to his peers and more importantly to his team leaders. Those communications of electronic means were ignored and documented. Including the death in close proximity of another serviceman (friend of Nathan V. Nissay) in the United States Navy should have created a heightened awareness of the sensitive frail status of Nathan V. Nissay.

18. The proximate cause of Nathan V. Nissays' death is solely attributed to the acts and omissions of Navy personnel who had a duty towards Nathan V. Nissay to address his manifested suicidal tendencies for terminating his life in a violent protest traditional style of Buddhist monks becoming a public "fire torch".

19. Had the United States through its agency addressed the early manifestations of protest and "cries for help" of Nathan V, Nissay, this young gentlemen of diverse unique background who excelled in his performance in training would be an exemplary citizen and human asset of the United States and its agency the Department of Navy.

20. The Defendant the United States of America, through its agency the Department of

the Navy was negligent, it knew or had reason to know that there was a dangerous condition manifested by Nathan v. Nissays' communications that would make him a risk to himself and potentially to others and was ignored.

21. The defendant through its agency, the Department of the Navy is liable by retaining control of the day to day activities and supervision of its temporary student, Nathan v. Nissay, in whose care and custody they had been entrusted by his family.

22. The United States of America negligently discharged its mandatory duties to oversee, supervise, control and otherwise protect Nathan V. Nissay.

23. As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the defendant, the United States of America, one Nathan V. Nissay died a horrible horrific symbolic painful death in which Nathan V. Nissay consequently suffered severe injuries which did not make him succumb for hours and ultimately he died as a result.

24. As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the defendant, the United states of America, and the resulting death of Nathan v. Nissay, plaintiff has suffered and continues to suffer non-economic losses, including but not limited to: loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance, loss of gifts, loss of presence and other economic benefits in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays for judgment against the defendant, on all causes of action as follows:

1. For general damages according to proof;
2. For special damages according to proof;

3. For prejudgment and post-judgment interest as allowed by law;

4. For costs of suit incurred herein;

5. For attorneys' fees and other incidental expenses; and

6. For such other and further relief as this Court may deem just and proper.

DATED: March 31, 2016

        Fred Tannous Esq.
        Demetrios Kafkas Esq.
        Tannous Law Offices AND
        Kafkas Law Offices
        Email: Fred.Tannous@TannousLaw.com
        Email: Kafkaslink@yahoo.com

        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL ON ISSUES AS TO NEGLIGENCE
(As to non-FTCA claims)

DATED: March 31, 2016    By:    s/Demetrios Kafkas
                                          Fred Tannous Esq.
                                          Demetrios Kafkas Esq.
                                          27 School Street, Suite 301
                                          Boston, MA 02108
                                          Tel: 617-227-1200
                                          Tel: 781-604-3777
                                          Facsimile: 617-227-0027
                                          *Attorneys for Plaintiff*