UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NISSAY LIEK, Individually and as Successor in Interest of the Estate of NATHAN V. NISSAY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA and the DEPARTMENT OF THE NAVY, <br><br> Defendants. | Civil Action No. 16-cv-10632-ADB |

**MEMORANDUM AND ORDER
GRANTING MOTION TO DISMISS**

BURROUGHS, D.J.

On March 31, 2016, Plaintiff Nissay Liek ("Plaintiff") filed this wrongful death action against Defendants United States of America and the Department of the Navy pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, following the tragic suicide of his son, Nathan Nissay ("Nissay"). [ECF No. 1].[1] Presently pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the Feres doctrine. [ECF No. 6]. For the reasons set forth herein, the Court GRANTS the motion and dismisses the case.

I. BACKGROUND

The following facts are taken from Plaintiff's complaint and the attached exhibits unless otherwise specified. [ECF No. 1 ("Compl.")]. In 2013, while serving in the Navy, Nathan Nissay was on a temporary duty assignment at the Ballston Spa Naval Nuclear Power Training Unit in

---

[1] Plaintiff sues individually and as a successor-in-interest to his son.

1

Saratoga Springs, New York, where he was training and attending classes. Compl. ¶ 12. On or about December 30, 2013, Nissay committed suicide, leaving behind a video, journals, and text messages filled with references to his depression and thoughts of suicide. Id. ¶ 3. Plaintiff alleges that, prior to committing suicide, Nissay revealed his depressive thoughts and tendencies to his supervisors and fellow employees in the Navy. Id. ¶ 10. The complaint contends that the United States, through its agency, the Department of the Navy, failed to follow procedures to ensure the safety and protection of Nissay while he was under the Navy's supervision and control, despite the expressed suicidal thoughts. Id. Specifically, Plaintiff alleges that the United States "failed its mandatory duty to ensure that its employees would act and protect a fellow employee" while he was at the Ballston Spa Naval Nuclear Power Training Unit. Id. ¶¶ 11–12. Plaintiff also claims that, in addition to Nissay's own reports, the Navy should have been aware of Nissay's frail status following the death of his fellow serviceman and friend, id. ¶¶ 17–18, and that the United States directly and proximately caused the death of Nissay by ignoring his cries for help, Id. ¶¶ 7, 10, 18. Lastly, the complaint alleges that Nissay's death was "not the cause of a service-connected injury." Id. ¶ 16.

Before bringing the instant action, Plaintiff exhausted his administrative claims before the Office of the Judge Advocate General ("JAG"), who determined that the claims were not valid under the FTCA because, pursuant to the Feres doctrine, Nissay was an "active duty service member at the time of his death" and the death occurred "incident to his military service." [ECF No. 1-6 at 2]. Accordingly, on October 1, 2015, the JAG denied Plaintiff's claims. Id. Plaintiff then filed a complaint in this Court [ECF No. 1], which Defendants have moved to dismiss pursuant to Rule 12(b)(1) and the Feres doctrine [ECF No. 6].

## II. LEGAL STANDARD

"A motion to dismiss pursuant to the Feres doctrine is properly treated as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, rather than as a motion for summary judgment." Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1997); see also Hamilton v. United States, 564 F. Supp. 1146, 1151 (D. Mass. 1983) (granting motion to dismiss Feres-barred claims). When evaluating a motion to dismiss pursuant to Rule 12(b)(1), "[t]he existence of subject-matter jurisdiction 'is never presumed'" because federal courts are considered courts of limited jurisdiction. Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueria v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Where, as here, Defendants bring a facial challenge to the Court's subject matter jurisdiction, the Court must treat all well-pleaded facts as true and give Plaintiff the benefit of all reasonable inferences. See Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009); Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). Dismissal is appropriate when the well-pleaded facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction. Fothergill, 566 F.3d at 251.

## III. DISCUSSION

"As sovereign, the United States may not be sued for damages without its consent." Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999). The United States has, however, consented to a limited waiver of sovereign immunity through the FTCA, which permits parties to bring suit for damages for the negligent or wrongful acts or omissions of federal employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §§ 1346(b), 2674, 2675(a). An exception to this general rule bars any claim "arising out of the combatant activities of the military or naval forces, or the Coast Guard." Id. § 2680(j).

In Feres v. United States, the Supreme Court interpreted this provision broadly as barring governmental liability for all injuries that "arise out of or are in the course of activity incident to [military] service." 340 U.S. 135, 146 (1950). The Supreme Court invoked numerous justifications for the doctrine, emphasizing the "distinctively federal . . . character" of "[t]he relationship between the Government and members of its armed forces," and the "extremely favorabl[e]" military benefits provided to plaintiffs and their families for injuries. Id. at 141–43. The Supreme Court has noted that Feres is best explained by the "peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty." United States v. Shearer, 473 U.S. 52, 57 (1985) (internal quotations and citations omitted). Feres and its progeny bar suits brought by service members against the government for injuries incurred "incident to service" because they are the "types of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." United States v. Johnson, 481 U.S. 681, 690 (1987) (internal quotation and alteration omitted). Courts in this Circuit and others have consistently barred wrongful death claims under the Feres doctrine in cases involving the suicide of a service member. See, e.g., Persons v. United States, 925 F.2d 292, 293–94 (9th Cir. 1991) (affirming district court's dismissal for want of jurisdiction, including for widow's and parents' claims, following service member's suicide); Purcell v. United States, 656 F.3d 463, 464 (7th Cir. 2011) (same); Becton v. United States, 489 F. Supp. 134, 138 (D. Mass. 1980) (holding that wrongful death suit was barred, even though deceased was off-duty and pending discharge at the time of suicide); Stubbs v. United States, 744 F.2d 58 (8th Cir. 1984) (holding that Feres barred wrongful death suit

where service member was sexually harassed by a fellow officer, which created an atmosphere that ultimately led to her suicide).

Here, even taking Plaintiff's well-pleaded factual allegations as true, the complaint must be dismissed because it seeks to challenge the Navy's decisions relating to the supervision and control of Nissay during his time at the naval nuclear training base. As Plaintiff concedes, "there is no dispute that Nathan Nissay was a member of the US armed services at the time of his death" and during the alleged negligent actions of the government in caring for and supervising him.[2] [ECF No. 9-1 at 2]; see also Compl. ¶¶ 11–12. Thus, the only "additional question that must be answered in order to determine whether the [Feres] doctrine bars his tort claims . . . is whether the injuries he suffered were 'incident to the service.'" Diaz-Romero v. Mukasey, 514 F.3d 115, 119 (1st Cir. 2008).

In the First Circuit, determining whether the service member's injury arose "incident to service" under the Feres doctrine involves consideration of the following:

> whether [the injury] occurred on a military facility, whether it arose out of military activities or at least military life, whether the alleged perpetrators were superiors or at least acting in cooperation with the military, and . . . whether the injured party was himself in some fashion on military service at the time of the incident.

Diaz-Romero, 514 F.3d at 119 (quoting Day, 167 F.3d at 678). No single element in this equation, however, is decisive. Id.

---

[2] Plaintiff does not supply additional facts or arguments outside of the complaint as to this Court's jurisdiction in his opposition. Rather, Plaintiff avers only that it is up to the District Court "to exercise its jurisdiction to determine whether any claim is recognizable in law" and noting that Defendants "did not file a timely notice of dismissal." [ECF No. 9]. Plaintiff's allegations concerning the timing of the motion, however, carry little weight because the Court is obliged to address its own subject matter jurisdiction sua sponte regardless of when the issue was raised by a party. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction.").

Again, for the purpose of this motion to dismiss, all well-pleaded factual allegations are accepted as true. Here, the complaint alleges that the negligence occurred on a military facility, the Ballston Spa Naval Nuclear Power Training Unit in Saratoga Springs, New York, where Nissay was being trained and taking classes. Compl. ¶¶ 12, 21. The nature of the injury arose out of military activities or at least military life because, as alleged in the complaint, the "Navy . . . retain[ed] control of the day to day activities and supervision of" Nissay while he was training, and his section leaders "act[ed] within the time, purpose, course, and scope" of their employment in the Navy. Id. ¶¶ 6, 21. The complaint further alleges that the tortfeasors were Nissay's superiors, or "section leaders," as well as his peers, all of whom were on notice of and ignored his suicidal thoughts. Id. ¶¶ 11, 14, 17. It additionally claims that the Defendants "negligently discharged its mandatory duties to oversee, supervise, control and otherwise protect" Nissay, and that he died as a result. Id. ¶¶ 22, 23. Thus, the allegations show that the complained-of acts or omissions occurred on a military facility, that the nature of the injury arose directly out of military activities, and that the alleged acts or omissions were committed by military supervisors and other employees.

The final factor is whether the injured party was, in some fashion, on military service at the time of the incident. Day, 167 F.3d at 682. Although it is unclear whether Nissay was off-duty when he committed suicide, "the relevant distinction . . . is between servicepersons who are 'active duty' and those who have been discharged or are on furlough, not between 'off-duty' and 'on-duty' servicepersons." Skees v. United States, 107 F.3d 421, 425 (6th Cir. 1997) (citation omitted) (finding that "off-duty" status at the time of plaintiff's suicide was not controlling because he was an active service member); see also Borden v. Veterans Admin., 41 F.3d 763, 763 (1st Cir. 1994). Here, it is undisputed in the opposition, and Plaintiff's complaint affirms,

that Nissay was an active service member at the time of the alleged negligent supervision by the Navy. Compl. ¶¶ 11, 12; see also [ECF No. 9 at 2]. Even assuming that Nissay's suicide occurred while he was off-duty, a distinction between "off-duty" or "on-duty" status at the time of his death would not be dispositive here. Borden, 41 F.3d at 763; see also Becton v. United States, 489 F. Supp. 134, 138 (D. Mass. 1980) (barring recovery under Feres where the father of the decedent navy service member sought damages for his son's suicide because, although decedent's naval discharge was pending, he was still connected to the armed services).

With respect to Plaintiff's allegations that Defendants were negligent in "fail[ing] to follow mandatory procedures," Compl. ¶ 10, the First Circuit has held that the Feres doctrine applies even where the Navy's compliance with its own regulations and procedures is at issue because holding otherwise would still force a court to "delve into questions of military decision making." See Morey v. United States, 903 F.2d 880, 881–82 (1st Cir. 1990) ("The claim that the Navy negligently or recklessly failed to place [service member] in the alcohol rehabilitation program implicates such questions of military decision making as the circumstances under which a serviceman should have been given alcohol rehabilitation; which servicemen's problems are so serious as to require priority over others; and how the rehabilitation program should be managed and supervised."). Similarly, here, it is not for the Court to second-guess "military decisions" and procedures with respect to the supervision of, and decisions relating to, a service member while he was on the naval training base. See Lauer v. United States, 968 F.2d 1428, 1430 (1st Cir. 1992) (noting that "conduct of the military . . . goes far beyond discipline in the narrow sense" and courts should not "second guess[] *military decisions*."); see also Skees, 107 F.3d at 424–25 (holding that Feres doctrine barred claims that military was negligent in supervising, controlling, and following its own regulations leading up to service member's suicide);

7

Levin v. United States, 403 F. Supp. 99, 103–04 (D. Mass. 1975) (barring claims for the service-connected suicide of plaintiff's husband even though there were allegations of negligence on the part of the government in failing to recognize the decedent's suicidal tendencies).

Thus, based on the facts alleged by Plaintiff and in light of the considerations laid out in Feres and subsequent cases concerning whether an injury occurred "incident to service," the complaint must be dismissed because Plaintiff's claims are barred by the Feres doctrine.[3]

## IV. CONCLUSION

Accordingly, the Defendants' Motion to Dismiss [ECF No. 6] is GRANTED.

**SO ORDERED.**

Dated: May 25, 2017
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[3] To the extent that Plaintiff sues in his individual capacity seeking to recover as a family member of Nissay, such claims are also barred by the Feres doctrine. See De Font v. United States, 453 F.2d 1239, 1239–40 (1st Cir. 1972) (barring widow's and children's claims); Persons, 925 F.2d at 293 (same); Skees, 107 F.3d at 425 (barring widow's claims).